JjDREW, J.
In December 1994, appellant, Gary L. Perrin, entered into a contract to sell immovable property to appellees, Mr. and Mrs. William B. Fromholz. The property consisted of a rural lot in DeSoto Parish upon which the Fromholzs planned to place a trailer; the written contract recited a sale price of $7,500, with $2,500 as a down payment and $5,000 as the balance *1043 due. The closing date was “to be completed within a reasonable time period giving time for Buyer to complete moving arrangements and expense.” Mr. and Mrs. Fromholz were relocating from Mississippi and expected General Motors, Mr. From-holz’s employer, to pay for moving expenses. The contract also stated that the seller agreed “to assist Buyers in tree removal and aid in contact [sic] agency to locate drive culvert.” As a result of unfor-seen events relating to the Fromholzs’ moving arrangements and expenses, they did not purchase the property, but brought suit against Perrin for the return of their deposit. Perrin answered, asserting that sums he expended for work on the property pursuant to the Fromholzs’ instructions equaled or exceeded the money paid by them.
After trial on the merits, the court rendered a “JUDGMENT WITH REASONS” [1] in which the court concluded that the contract between the parties did not specifically stipulate that the down payment of $2,500 was earnest money, and that the evidence did not support the contention that the $2,500 was an advance for work performed outside the contract. Accordingly, the court held that the From-holzs were entitled to the return of then-down payment. At the same time, the court held that Perrin was entitled to $650 for damages to his property caused by the seizure of the Fromholzs’ trailer by a moving company. From this judgment, Perrin appeals; for the reasons that follow, we affirm.
| ^DISCUSSION
On appeal, Perrin argues that the trial court focused on the issue of earnest money which was irrelevant in light of Perrin’s proof of a setoff. According to Perrin, the trial judge “simply failed to consider [setoff] whatsoever and erroneously awarded Appelle [sic] the return of this down payment.” We disagree with Perrin’s argument. As previously noted, while the trial court’s judgment did state that the down payment was not stipulated as earnest money, the judgment also stated that the evidence did not support the contention that the $2,500 was an advance for work performed outside the contract. Our reading of the record discloses that the principal issue was whether the down payment did or did not constitute an advance for work outside the contract, and that the trial court’s decision on this issue was a factual finding made on conflicting evidence.
A district court’s findings of fact are not disturbed on appeal unless they are either clearly wrong or manifestly erroneous. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Reversal is warranted only if the appellate court finds that no reasonable factual basis for the district court’s finding exists in the record, and that the finding is clearly wrong on the record. Mart v. Hill, 505 So.2d 1120 (La.1987). The great discretion accorded the trial court is based upon the court’s superior capacity to assess the credibility of witnesses; only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra.
In the case at bar, we find no manifest error in the trial court’s decision regarding the $2,500 deposit. The principal witnesses at trial were William Fromholz and Gary Perrin. Fromholz testified to his understanding that Perrin would make improvements to the lot “to get the lot in shape for the trailer,” and l.qthat Fromholz was not supposed to pay anything in addition to the $7,500. On the other hand, Perrin testified to his understanding that work he had done on the lot at the From-holzs’ request was to be paid by them in *1044 addition to the sales price. According to Perrin, he had $2,120 in work performed on the lot, as itemized on an invoice introduced into evidence. Although Perrin testified that a copy of the invoice was sent to Mr. and Mrs. Fromholz, Mr. Fromholz testified that the first time he saw any sort of invoice from Perrin was at a deposition taken a couple of weeks before trial.
Given the conflicting testimony of From-holz and Perrin, the trial judge obviously did not find Perrin’s testimony, along with the other evidence at trial, sufficient to prove Perrin’s contentions concerning the deposit. There was no provision in the contract stating that the deposit was earnest money, and Perrin had the burden of proving a setoff. The trial court’s conclusion that Perrin failed to carry this burden is not clearly wrong on this record.
In addition to the invoice for $2,120 and the copy of the written sales agreement, copies of three letters were introduced into evidence. The first letter, dated March 15, 1995, is a letter from Perrin to Mr. Fromholz giving Fromholz ten days to complete the agreement, “pay me for the improvements you requested, and pay for property damages.” The second letter, dated March 28, 1995, also from Perrin to Mr. Fromholz, advised Mr. Fromholz that because Perrin had not heard from From-holz, the agreement was canceled. The third letter, dated March 31, 1995, was from the Fromholzs’ attorney to Perrin offering to complete the sale of the property by May 15, 1995, and requesting a refund of the $2,500 down payment in the event Perrin was unwilling to close on the sale. While the first letter indicates that Perrin expected payment not only for the lot, but also for work that had been done on the lot, the third letter indicates that Fromholz expected | ¿return of his $2,500 deposit if Perrin no longer was willing to go through with the sale. These letters are of little assistance in resolving the principal issue, and do not affect our conclusion that the trial court’s factual determination on that issue was within the court’s discretion.

DECREE

For the reasons set forth above, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Under the provisions of La. C.C.P. arl.1918, when written reasons for judgment are assigned, they are to be set out in an opinion separate from the judgment.